# SUPREME COURT

OF THE

## STATE OF COLORADO.

## September Term, 1903.

[No. 4084.]

THE PEOPLE EX REL. THE COLORADO BAR ASSOCIATION
v. W. D. KELSEY.

**Attorneys at Law—Disbarment.**

For collecting money for his client and failing to turn it over, and for receiving money from a client to redeem land from tax sale and failing to redeem the same or to return the money, respondent's name is stricken from the roll of attorneys of this state.

*Original Proceeding for Disbarment.*

The ATTORNEY GENERAL, Mr. FRANK E. GOVE and Mr. GEORGE P. STEELE, for petitioner.

Mr. T. J. O'DONNELL and Mr. MILTON SMITH, for respondent.

CHIEF JUSTICE CAMPBELL delivered the opinion of the court.

The information charges the defendant with five separate acts of misconduct for which his disbarment is asked. As the evidence is confined to the first two, only these will be considered.

1. In 1893 the respondent received a claim for collection, the proceeds of which were received from the debtor but not paid over to the creditor. Respondent acknowledges that the account was paid to him, and his defense is that, under the instruction of an attorney from whom he received the account, he paid the proceeds to the cashier of a local bank. Respondent, though filing an answer in which this defense is set up, did not give any testimony at the hearing, although he had abundant opportunity to do so. The deposition was taken of the cashier who was named in the answer as the one to whom the money was paid, and he denies that any such payment was made to him. The depositions of other witnesses were taken and they contradicted the material allegations of the answer. There not being a particle of evidence in behalf of respondent to negative the positive evidence in behalf of petitioner, and the circumstances all tending to substantiate the charge, we cannot do otherwise than hold that it has been proved beyond any reasonable doubt.

2. A second ground relied upon is that respondent received from a client the sum of $31, which was sent to pay taxes. The answer admits the receipt of the money, and says that it was sent for the purpose of redeeming the client's land from a tax sale with the understanding that such amount would be sufficient for that purpose provided the county held the certificate issued upon the same and would accept it in settlement of the taxes due. The answer proceeds to state that subsequent investigation disclosed the fact that not the county, but an individual, held the certificate, and that redemption could not be made

for less than the full amount received; and after repeated unsuccessful efforts by respondent to effect a redemption for that amount, and it becoming impossible to use the money for the purpose for which it was sent, he sent to his client a personal check drawn on a local bank of the town where he lived for the sum theretofore received, which check was not presented for about one month after it was drawn, and when so presented payment thereof was refused by the bank upon which it was drawn on account of such delay; and protest for non-payment was duly made. He says that at the time the check was issued and at all times thereafter until it was presented, he had funds on deposit with the bank more than sufficient to pay it, and that it would have been paid if presented within a reasonable time; and when it was presented after the lapse of an unreasonable time, he says that he was absent from home and did not return until about two weeks thereafter, when he was informed that the check had been presented and payment refused, and he says that he then went to the bank to pay the original amount of the check but refused to pay the protest fee, as he considered protest unnecessary. He further says that his client has not demanded the payment of the original sum received, but that he (respondent) has at all times been, and now is, ready to pay the same upon the surrender of his former check.

In support of this answer respondent offered no evidence whatever, although full opportunity was afforded. The evidence of petitioner shows that the certificate of sale was held by the county, and not by a private individual, and that during the negotiations by respondent with the county commissioners looking to a redemption, he was acting not only as county attorney for the county, but as attorney for a taxpayer seeking to redeem from a tax sale made

by the county which held the certificate, and for a sum less than that which the statute authorized the county to demand. It also appears that respondent, instead of being absent for two weeks after the presentation of the check at the bank, was at his home not more than three days thereafter, and then and there wrote a letter to his client with reference to the business in hand. Between the time when the check was given and the institution of these proceedings, respondent had about two years within which to pay to his client the original amount received by him, but did not do so. The excuse given by his counsel that his refusal to repay the amount due was because of a dispute over the protest fees, is not sustained. Even if respondent could not be held to the payment thereof, he certainly should have promptly returned to his client the money received when he ascertained that it could not be used for the purpose for which it was sent. This he has not done.

The allegations of the complaint are clearly proven, and the answer, if its allegations are admitted, does not furnish an excuse to respondent for retaining his client's money. In arriving at this conclusion we have not enforced any harsh rule against respondent, but have given him the benefit of every doubt. Indeed, the uncontradicted positive evidence, coupled with the fact that respondent did not see fit to testify in his own behalf, and his failure to avail himself of the frequent opportunities which the court gave him to sustain his defense, compel the court, much as it dislikes to do so, to hold that these charges have been sustained, and to enter a judgment striking respondent's name from the roll of attorneys of this court.

In this conclusion my brother Steele concurs, but, notwithstanding the numerous defaults of respondent,

he thinks respondent should have been given still further opportunity to testify.

Respondent's name will be stricken from the roll of attorneys of this state.

Mr. JUSTICE GABBERT, though hearing the oral argument, did not participate in the decision.